JORDAN WEISS (SBN 107734)
jweiss@roll.com
CLARA LEE (SBN 239142)
clee@roll.com
ROLL GLOBAL LLC
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone: 310-966-5730
Facsimile: 310-966-5795
Attorneys for Plaintiff
CAL PURE PISTACHIOS, INC.,
a California Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAL PURE PISTACHIOS, INC., a California Non-Profit Cooperative Association,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, the DEPARTMENT OF TREASURY by its agency, the INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 2:14-cv-5237<br><br>**COMPLAINT** |

Plaintiff Cal Pure Pistachios, Inc. ("Cal Pure") hereby alleges as follows:

## NATURE OF THE ACTION

1. This action concerns Cal Pure's claim for refund of its overpayment which was erroneously disallowed by the Internal Revenue Service ("IRS") for the taxable year ending August 31, 2009.

## PARTIES

2. Plaintiff Cal Pure is a corporation with its place of business in Los Angeles, California.

3. Defendant Commissioner of Internal Revenue is the head of the IRS, a bureau of the U.S. Department of Treasury and a government agency of the United States Government. The IRS is organized under 26 U.S.C. Section 7801. The main office of the IRS is in Washington, D.C.

## JURISDICTION AND VENUE

4. This action arises under 26 U.S.C. Section 7422. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1340, 1346(a)(1) and 7402(a).

5. Venue is proper in this District pursuant to 28 U.S.C. Sections 1346(a)(1) and 7402(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

6. For the tax year ending August 31, 2008, Plaintiff Cal Pure filed a tax return reflecting a tax liability of $0.00.

7. Consequently, under Internal Revenue Code ("IRC") Section 6655(d)(1)(B)(ii), Plaintiff Cal Pure was not required to and did not make estimated tax payments for its year ending August 31, 2009.

8. On or about April 11, 2011, Defendant IRS issued a Notice of Intent to Levy to Plaintiff Cal Pure. This Notice of Intent to Levy erroneously asserted a penalty of $94,671.53, plus interest as allowed by law in the amount of $301.34, for

an alleged unpaid estimated tax liability for Plaintiff Cal Pure's taxable year ending August 31, 2009.

9. On or about April 12, 2011, Plaintiff Cal Pure mailed a letter to Defendant IRS explaining Plaintiff's position that Cal Pure is not subject to any underpayment of estimated tax penalty for taxable year ending August 31, 2009 under IRC Section 6655.

10. On or about May 25, 2011, Defendant IRS responded with a letter to Plaintiff Cal Pure by erroneously asserting that the zero liability for Plaintiff Cal Pure's taxable year ending August 31, 2008 did not qualify for the exception under IRC 6655(d)(1)(B)(ii) to making estimated tax payments for taxable year ending August 31, 2009.

11. On or about June 15, 2011, Plaintiff Cal Pure paid the erroneously assessed penalties of $94,671.53 and interest of $990.72, totaling $95,662.25, on the alleged estimated tax payments.

12. On or about June 15, 2011, Plaintiff Cal Pure concurrently filed a Claim for Refund and Request for Abatement ("Refund Claim") of the erroneously assessed penalties and interest on the alleged estimated tax payments.

13. On or about June 16, 2011, the payment of $95,662.25 was returned due to a bank routing error.

14. On or about June 20, 2011, Plaintiff Cal Pure repaid the payment of $95,662.25, plus additional statutory interest of $293.98, totaling $95,952.23.

15. On or about June 20, 2011, Plaintiff Cal Pure concurrently filed a duplicate Refund Claim of the erroneously assessed penalties and interest on the alleged estimated tax payments.

16. On or about August 13, 2012, Defendant IRS issued a formal notice of claim disallowance to Plaintiff Cal Pure.

17. On or about September 4, 2012, Plaintiff Cal Pure filed a protest with Defendant IRS, protesting the disallowance of claim for refund of its overpayment.

18. Defendant IRS finally scheduled an IRS appeals conference with Plaintiff Cal Pure for July 1, 2014.

19. On or about July 1, 2014, Plaintiff Cal Pure and Defendant IRS met for an appeals conference and did not settle the claim disallowance.

**CAUSE OF ACTION**

20. Cal Pure filed a tax return for its preceding taxable year showing $0.00 in tax.

21. Internal Revenue Code Section 6655(d)(1)(B)(ii) allows a corporation to base required installment payments of estimated tax on the tax shown on the return for the preceding taxable year.

22. The safe harbor, however, does not apply if "the corporation did not file a return for such preceding taxable year showing a liability for tax."

23. The IRS's position is that the return filed showing $0.00 in tax does not show "a liability for tax."

24. Cal Pure's position is that the return does indeed reflect a liability for tax.

25. Cal Pure's position is consistent with:

a. The case law in the Ninth Circuit: A tax return which shows $0.00 in tax is a tax return reflecting a liability for tax. <u>United States v. Long</u>, 618 F.2d (9th Cir. 1980).

b. The accounting practices and procedures at the IRS Service Centers: The Accounting Transcript for this account is coded "150" for the date the 2008 tax return was filed, followed by $0.00.

c. IRS return processing and assessment procedures: The IRS released to the public a booklet entitled "IRS Processing Codes and Information," which explains that the code "150" means "a tax liability from the original return established a tax module."

/ / /

d. Uniform application of the myriad provision of the Internal Revenue Code and Regulations.

26. Cal Pure filed a prior tax return reflecting a zero liability for taxes so it is not responsible for the penalty for failure to pay estimated taxes on its immediate subsequent return.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order requiring Defendants to correct the erroneous disallowance of Cal Pure's claim for refund.

2. That Defendants be adjudged to have erroneously assessed that Cal Pure was required to make estimated tax payments when its prior year tax return had a tax liability of $0.00.

3. That Defendants be adjudged to have erroneously assessed penalties and interest on estimated tax payments that Cal Pure was not required to make.

4. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct;

5. That Plaintiff recover its costs and reasonable attorneys' fees;

6. That Plaintiff be granted prejudgment and post judgment interest; and

7. That Plaintiff have such other and further relief as the Court deems just and proper.

DATED: July 7, 2014 ROLL GLOBAL LLC

By: */s/ Clara Lee*
Clara Lee
Attorneys for Cal Pure Pistachios, Inc.